Ryan Ballard, ISBN 9017
Ballard Law, PLLC
P.O. Box 38
Rexburg, ID 83440
P: (208) 359-5532
F: (208) 485-8528
ryanballardlaw@gmail.com

Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MATT CUTLER, | Case No.: 4:14-cv-541 |
| Plaintiff, | |
| v. | **COMPLAINT** |
| | |
| TRUST FINANCIAL, LLC, | **FDCPA CLASS ACTION** |
| an Idaho limited liability company, | |
| WILKERSON & BREMER, P.C., | |
| a Wyoming corporation, | |
| Defendants. | |

COMES NOW the Plaintiff Matt Cutler, by and through his counsel of record,

Ryan A. Ballard of Ballard Law, PLLC, and brings this action individually, and on behalf of all others

similarly situated, against Defendants as follows:

### INTRODUCTION

1. This is an action for damages brought by consumers for Defendant's violations of the Fair Debt

   Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), which prohibits debt

   collectors from engaging in abusive, deceptive, and unfair practices.

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

**Complaint - Page 1 of 6**

3. Venue is proper in this District because the acts and transactions occurred here and all the parties reside or transact business here.

## PARTIES

4. Plaintiff Matt Cutler is a natural person residing in Bingham County, Idaho, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Trust Financial, LLC is an Idaho limited liability company engaged in the business of collecting debts, using mails and telephone, in this state with its principal place of business located at 307 W. Judicial, Blackfoot, ID 83221.

6. Trust Financial is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

7. Defendant Wilkerson & Bremer, P.C. is a Wyoming corporation engaged in the business of collecting debts, using mails and telephone, in this state with its principal place of business located at 400 South Kendrick Ave., Suite 202, Gillette, WY 82716.

8. Wilkerson & Bremer is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## GENERAL ALLEGATIONS

9. Trust Financial is a collection agency in Idaho.

10. Trust Financial has contracted with Wilkerson & Bremer to perform collection efforts on debts allegedly owed by Idaho residents.

11. Those collection efforts frequently include filing suit in Idaho.

12. Upon information and belief, Trust Financial provides standard operating procedures which it expects Wilkerson & Bremer to follow.

13. Wilkerson & Bremer functions as an agent of Trust Financial.

14. On or about June 4, 2014, Trust Financial mailed a letter to Mr. Cutler, attached hereto as Exhibit A.

15. The letter indicated that the current balance due was $11,164.63.

16. On or about July 15, 2014, Wilkerson & Bremer mailed a letter to Mr. Cutler, attached hereto as Exhibit B.

17. The letter indicated that the "amount of our Client's claim" was $11,375.10

18. The same letter also stated that Mr. Cutler could dispute the validity of the debt "within thirty (30) days from the date of this letter."

19. On or about November 24, 2014, Wilkerson & Bremer, on behalf of Trust Financial, filed a complaint against Mr. Cutler, Bingham County Case No. CV-14-2209, attached hereto as Exhibit C.

20. The complaint indicated Mr. Cutler owed a principal sum of $11,680.29.

## CLASS ALLEGATIONS

21. This action is brought as a class action. Plaintiff tentatively defines the class as all persons who, during the one year prior to the filing of this complaint, were sent letters similar to Exhibit A.

22. A second class would be defined as all persons who, during the one year prior to the filing of this complaint, were sent letters similar to Exhibit B.

23. A third class would be defined as all persons who, during the one year prior to the filing of this complaint, had complaints filed against them similar to Exhibit C

    Plaintiff may subsequently refine the class definition in light of discovery.

24. The class is so numerous that joinder of all members is impractical. On information and belief, letters and complaints similar to the ones sent to Mr. Cutler and filed against him have been sent to or filed against hundreds of consumers.

25. There are questions of law and fact common to the class, which predominate over any questions affecting only individual class members. The principal question is whether Defendants' conduct in

connection with the mailing of Exhibits A & B and the filing of Exhibit C to consumers violates the FDCPA.

26. There are no individual questions, other than whether a class member received one of the offending letters or was served with the offending complaint, which can be determined by ministerial inspection of Defendant's records.

27. Plaintiff will fairly and adequately protect the interests of the class. He is committed to vigorously litigating this matter. He is annoyed at being the victim of Defendants' illegal practices and wishes to see that the wrong is remedied. To that end, he has retained counsel experienced in handling consumer protection claims. Neither Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue this claim.

28. Plaintiff's claim is typical of the claims of the class, which all arise from the same operative facts and are based on the same legal theories.

29. A class action is a superior method for the fair and efficient adjudication of this controversy. Most of the consumers who receive Exhibit A undoubtedly would be confused as what their time frame was to respond. Most of the consumers receiving either letter and/or the complaint would likely be confused as the sum they might legally be required to pay. The interest of class members in individually controlling the prosecution of separate claims against Defendants is small because the maximum damages in an individual action are $1,000. Management of this class claim is likely to present significantly fewer difficulties than those presented in many class claims,  e.g., for securities fraud.

**COUNT I: FDCPA VIOLATION FOR MISREPRESENTING AMOUNT OWED**

30. The allegations of the prior paragraphs are incorporated as if fully set forth in this paragraph.

31. 15 U.S.C. § 1692g(a)(1), requires that a debt collector, in communications with an alleged debtor,

provide "the amount of the debt."

32. Defendants violated 15 U.S.C. § 1692g(a)(1) by failing to disclose that the amount of the debt was accurate only as of the day of the letter.

33. As shown by the fact the "amount of the debt" provided increases over time from the June 4 letter, to the July 15 letter, to the November 24 complaint, Defendants were adding prejudgment interest to the balance they were seeking.

34. By not disclosing that interest was accumulating day to day, Defendants misrepresented the amount of the debt each time they provided it to Mr. Cutler in a letter or complaint.

**COUNT II: FDCPA VIOLATION FOR MISREPRESENTING AMOUNT OWED**

35. The allegations of the prior paragraphs are incorporated as if fully set forth in this paragraph.

36. 15 U.S.C. § 1692g(a)(1), requires that a debt collector, in communications with an alleged debtor, provide "the amount of the debt."

37. Defendants violated 15 U.S.C. § 1692g(a)(1) by stating the principal sum owing was $11,680.29 in the complaint it filed against Mr. Cutler in Bingham County.

38. That figure was not the principal sum allegedly owed, but rather included principal and accrued prejudgment interest.

**COUNT III: FDCPA VIOLATION FOR IMPROPER NOTICE**

39. The allegations of the prior paragraphs are incorporated as if fully set forth in this paragraph.

40. 15 U.S.C. § 1692g(a)(3), requires that a debt collector give a consumer 30 days after receipt of a letter from the debt collector in which to dispute or request validation of a debt.

41. Defedants violated 15 U.S.C. § 1692g(a)(3) by requiring Plaintiff and others who received the July 15 letter to dispute the validity of the debt within 30 days of the date of the notice.

42. This distinction is significant in that the date the letter is dated may not be the same day as the letter

is printed or actually placed in the outgoing mail.

43. Even if the letter is sent on the same day as it is dated, it may take one or more days for the letter to actually reach the consumer.

44. In either scenario, the consumer's right to request validation is truncated by Defendant's demand that disputes be made within 30 days of the date of the notice, rather than within 30 days of receipt of the notice.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A.   The maximum statutory damages available under 15 U.S.C. § 1692k(a)(2)(B),

B.   Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

C.   For such other and further relief as may be just and proper.

DATED: December 20, 2014

/s/ Ryan A. Ballard
Ryan A. Ballard
Ballard Law, PLLC