Jonathan W. Harris
BAKER & HARRIS
266 West Bridge Street
Blackfoot, Idaho 83221
Telephone: (208) 785-2310
Facsimile: (208) 785-6749
E-Mail: jwharris@bakerharrislaw.com
Idaho State Bar No. 6261

Attorneys for Defendants

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MATT CUTLER, | Case No. 4:14-cv-541 |
| Plaintiff, | |
| v. | **ANSWER OF DEFENDANTS** |
| TRUST FINANCIAL, LLC, an Idaho limited liability company, and WILKERSON & BREMER, P.C., a Wyoming corporation, | |
| Defendants. | |

COMES NOW, the Defendants Trust Financial, LLC and Wilkerson & Bremer, P.C., and for answer alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

1.  Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

2.  Defendants deny each and every allegation not admitted or qualified.

**ANSWER OF DEFENDANTS - 1**

## ANSWER

3. Answering paragraph 1, the Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in said paragraph, and therefore deny the same. Additionally, said paragraph makes purely legal assertions. The referenced statute speaks for itself, thus no response is necessary.

4. Answering paragraph 2, admit.

5. Answering paragraph 3, admit.

6. Answering paragraph 4, the Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in said paragraph, and therefore deny the same.

7. Answering paragraph 5, denied.

8. Answering paragraph 6, admit.

9. Answering paragraph 7, admit that Defendant Wilkerson & Bremer, P.C., is a Wyoming corporation and its principal place of business is located at 400 South Kendrick Ave., Ste 203A, Gillette, WY 82716. Defendant Wilkerson & Bremer, P.C., denies that it is in the business of collecting debts as alleged in said paragraph.

10. Answering paragraph 8, denied.

11. Answering paragraph 9, admit that Trust Financial, LLC, does business in Idaho as a collection agency.

12. Answering paragraph 10, admit that Wilkerson & Bremer, P.C., has contracted with Trust Financial, LLC, to provide legal services for Trust Financial, LLC. Defendants deny the remaining allegations contained in said paragraph.

**ANSWER OF DEFENDANTS - 2**

13. Answering paragraph 11, admit that Defendant Wilkerson & Bremer, P.C., has filed lawsuits in Idaho on behalf of its client Trust Financial, LLC.

14. Answering paragraph 12, denied.

15. Answering paragraph 13, admit that Defendant Wilkerson & Bremer, P.C., provided legal services to Trust Financial, LLC. Defendants deny that an agency relationship existed between Wilkerson & Bremer, P.C., and Trust Financial, LLC beyond what is necessarily implied in an attorney-client relationship.

16. Answering paragraph 14, admit that Exhibit A is a copy of a letter Trust Financial, LLC mailed to Plaintiff. Defendants deny that Exhibit A is complete inasmuch as Exhibit A does not include items that were enclosed with said letter.

17. Answering paragraphs 15, 16, 17, 18 and 19, admit.

18. Answering paragraph 20, Defendants admit that the Complaint asked for a judgment against Plaintiff "for the principal sum of $11,680.29". Defendants deny that this was in anyway misleading or in violation of the Fair Debt Collection Practices Act inasmuch as the principal sum refers to the principal amount of the debt and interest added thereto.

19. Answering paragraphs 21, 22, 23, 24, 25, 26, 27, 28 and 29, denied.

20. Answering paragraph 30, Defendants admit, deny and deny without knowledge the incorporated paragraphs as previously set forth in this Answer.

21. Answering paragraph 31, said paragraph makes purely legal assertions. The referenced statute speaks for itself, thus no response is necessary.

22. Answering paragraph 32, denied.

**ANSWER OF DEFENDANTS - 3**

23. Answering paragraph 33, Defendants admit that the amount of the debt increased from June 4th to November 24th because interest was accruing. Defendants deny that any suggestion that statements in the June 4th letter, July 15th or November 24th Complaint were misleading or in violation of the Fair Debt Collection Practices Act.

24. Answering paragraph 34, denied.

25. Answering paragraph 35, Defendants admit, deny and deny without knowledge the incorporated paragraphs as previously set forth in this Answer.

26. Answering paragraph 36, said paragraph makes purely legal assertions. The referenced statute speaks for itself, thus no response is necessary.

27. Answering paragraph 37, denied.

28. Answering paragraph 38, Defendants deny that the words "principal sum" refer only to principal. Defendants assert that "principal sum" refers to principal, plus accrued interest.

29. Answering paragraph 39, Defendants admit, deny and deny without knowledge the incorporated paragraphs as previously set forth in this Answer.

30. Answering paragraph 40, said paragraph makes purely legal assertions. The referenced statute speaks for itself, thus no response is necessary.

31. Answering paragraphs 41 and 42, denied.

32. Answering paragraph 43, Defendants admit that a letter which is mailed from a Blackfoot address to a different Blackfoot address may take one day to arrive at its destination. Defendants deny the balance of the allegations of said paragraph.

33. Answering paragraph 44, denied.

**ANSWER OF DEFENDANTS - 4**

## ADDITIONAL AFFIRMATIVE DEFENSES

34. Plaintiff has failed to mitigate his damages, if any.

35. Plaintiff is estopped and/or has waived his right to assert this claim against these answering Defendants.

36. Plaintiff's claim is barred by the doctrine of unclean hands.

37. Service of process was insufficient.

38. Plaintiff has brought the instant claims in bad faith and for the purpose of harassment.

39. Plaintiff failed to adequately plead damages.

40. To the extent Defendants committed one or more violations of the FDCPA, said violation(s) was clerical, technical, unintentional and did not damage Plaintiff in any form or fashion.

41. Plaintiff is not entitled to class certification inasmuch as the facts and circumstances of this matter do not and will not meet the requirements of F.R.C.P. 23.

42. Plaintiff's counsel is not qualified to represent the class pursuant to F.R.C.P. 23(g).

## RESERVATION OF ADDITIONAL DEFENSES

Answering Defendants consider and believe that they may have additional defenses to plaintiffs complaint, but cannot at this time, consistent with F.R.C.P. 11, state with specificity those defenses. Accordingly, said defendant reserves the right to supplement its Answer and add additional defenses as discovery in this case progresses.

WHEREFORE, Defendants Trust Financial, LLC and Wilkerson & Bremer, P.C., pray for judgment of this Court against Plaintiff Matt Cutler as follows:

1. That Plaintiff's Complaint be dismissed with prejudice, that Plaintiff take nothing thereby and that judgment be entered for the Defendants.

**ANSWER OF DEFENDANTS - 5**

2. That Defendants be awarded costs and attorney's fees in defending this action pursuant to the Fair Debt Collection Practices Act and F.R.C.P. 54.

3. For such other and further relief as the court may deem just and proper.

DATED this 28th day of January, 2015.

BAKER & HARRIS

_____<br>Jonathan W. Harris

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **ANSWER** was electronically filed with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic filing to the following registered CM/ECF participants:

Ryan Adam Ballard
ryanballardlaw@gmail.com

_____
Jonathan W. Harris

**ANSWER OF DEFENDANTS - 6**